UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED ROAD TOWING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 14 C 10191 |
| | ) | |
| INCIDENTCLEAR, LLC, GEORGE BERGERON, and RYAN DAVIDS, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| RYAN DAVIDS, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED ROAD TOWING, INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Now before the Court is Counter-Defendant United Road Towing Inc.'s ("United") motion to dismiss brought pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). For the following reasons, United's motion to dismiss is denied.

**BACKGROUND**

For the purposes of the instant motion, the following well-pleaded allegations derived from Counter-Plaintiff Ryan Davids' ("Davids") counterclaim are accepted as true for the purposes of this motion. The Court draws all reasonable inferences in favor of Davids. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 554-55 (7th Cir. 2012).

On December 19, 2014, United filed a six-count complaint against the Defendants IncidentClear, LLC, ("IncidentClear"), George Bergeron ("Bergeron"), and Davids' (collectively the "Defendants") alleging a violation of the Illinois Trade Secrets Act, breach of contract, tortious interference with a contract and prospective economic relations, breach of fiduciary duty, and conversion. On January 12, 2015, Davids answered United's complaint and also filed an Illinois state law counterclaim against United for tortious interference with prospective economic advantage. On February 9, 2015, this Court denied the Defendants' motion to dismiss United's complaint. Our February 9, 2015 opinion sets forth a more comprehensive background of United's initial claim against the Defendants. Only the allegations relevant to Davids' claim are expounded upon below.

United is a Delaware corporation with its principal place of business in Mokena, Illinois and is a citizen of Delaware and Illinois. United provides towing and highway assistance services to municipalities and other local governmental authorities throughout the United States. Davids began his employment with United in April

2006.  Davids started as a financial analyst and then corporate controller, and on January 1, 2011, he became Vice President of Business Development.

In July 2013 Bergeron, a corporate executive of United, was terminated by United's Chief Executive Officer (CEO") Jerry Corcoran ("Corcoran") for allegedly attempting to open a towing business that competed with United.  Soon after Bergeron's termination, Davids resigned in August 2013.

Following Davids' departure from United, he sought employment at TXI Systems ("TXI"), a provider of computer software and software services which United had an ongoing business relationship with.  After negotiations between Davids and TXI, TXI was prepared to offer Davids a position in its sales and development division.  When Corcoran learned about TXI's decision to hire Davids, he contacted TXI's Chief Executive Officer, Grant MacQuilkan ("MacQuilkan").  Corcoran told MacQuilkan that if TXI hired Davids that United would stop doing business with TXI and United would sue them.  As a result of Corcoran's threats, TXI did not offer Davids a position.  On January 12, 2015, Davids filed an Illinois state law counterclaim against United for tortious interference with prospective economic advantage.  On January 30, 2015, United moved to dismiss Davids' claim under Rules 12(b)(1) and 12(b)(6).

## LEGAL STANDARD

Rule 12(b)(1) permits the court to dismiss an action for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). When a party moves for dismissal

under Rule 12(b)(1) challenging the factual basis for jurisdiction, the nonmoving party must support its allegations with competent proof of jurisdictional facts. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Kontos v. U.S. Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). "If a plaintiff cannot establish standing to sue, relief from this court is not possible, and dismissal under 12(b)(1) is the appropriate disposition." *Am. Federation of Government Employees v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999). Affidavits and other relevant evidence may be used to resolve the factual dispute regarding the court's jurisdiction. *Kontos*, 826 F.2d at 576.

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must contain "a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo*, 526 F.3d at 1084 (emphasis in original).

## DISCUSSION

As noted above, United seeks dismissal under Rule 12(b)(1) for lack of jurisdiction and under Rule 12(b)(6) for Davids' failure to state a claim. Because

4

United contends that this Court does not have jurisdiction over Davids' claim, the Court must consider the jurisdictional issue before reaching the merits of Davids' claim. *See Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999).

**A. Lack of Jurisdiction**

United asserts that Davids' counterclaim should be dismissed due to his failure to sufficiently invoke this Courts' supplemental jurisdiction over his Illinois state law claim. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), permits this Court to exercise jurisdiction over Davids' state law counterclaim, as long as it is "so related to [United's] claim that they form the same case of controversy." *Rothman v. Emory University*, 123 F.3d 446, 454 (7th Cir. 1997) (quoting 28 U.S.C. § 1367(a)). Accordingly, judicial power to hear Davis' counterclaim stems from our jurisdiction to hear United's claim and Davids' state counterclaim "deriv[ing] from a common nucleus of operative facts." *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995) (quoting 28 U.S.C. § 1367(a)). "A loose factual connection between the claims is generally sufficient" to find that claims derive from a common nucleus of operative facts. *Id.*

Here, the same set of factual occurrences give rise to both Davids' counterclaim and United's claims. Thus, the factual connection is more than sufficient to ensure Davids' state law counterclaim "derives from a common nucleus of operative facts" when compared to United's claim. *Id.* Providing context to Davids' counterclaim is United's allegations contained in its December 19, 2014

complaint.[1] United alleges that Davids resigned from United in the midst of its numerous concerns about him engaging in activities which were detrimental to United's business. Davids' counterclaim temporally picks up at this juncture, and alleges that United's CEO Corcoran unlawfully infringed on Davids' ability to obtain employment with TXI as retribution for Davids' conduct at United. Davids' state law counterclaim is part of the same case or controversy, and thus the Court is authorized to decide both. Therefore, the Court will retain jurisdiction over Davids' counterclaim.

### B. Failure to State a Claim

United argues that Davids cannot maintain his tortious interference with prospective economic advantage claim due to the numerous pleading deficiencies contained in his counterclaim. To state a claim for tortious interference with prospective economic advantage under Illinois law, Davids needs to allege (1) a reasonable expectancy of entering into a valid business relationship, (2) United's knowledge of the expectancy, (3) an intentional and unjustified interference by United that induced or caused a breach or termination of the expectancy, and (4) damage to Davids resulting from United's interference. *Atanus v. Am. Airlines, Inc.*, 932 N.E.2d

---

[1] In ruling on a motion to dismiss pursuant to Rule 12(b)(1), a court is not bound by the jurisdictional allegations contained in a complaint or counterclaim. Instead, a court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995). Accordingly, the Court relies on United's December 19, 2014 complaint referenced by both parties' briefs to gauge the propriety of exercising jurisdiction over Davids' claim.

1044, 1048 (Ill. App. Ct. 2010). United contends that Davids has failed to plead: (i) the reasonable expectancy of entering into a valid business relationship with TXI; (ii) that United unjustifiably interfered with that relationship; and (iii) Davids suffered damages. The Court will resolve the sufficiency of each element in turn.

United asserts that Davids has failed to plead that there was a reasonable expectancy of a valid business relationship in the context of TXI's job offer. The Illinois Supreme Court has stated that, "[t]he hope of receiving a job offer is not a sufficient expectancy" even to allege a claim for interference with a prospective employment relationship. *Anderson v. Vanden Dorpel*, 667 N.E.2d 1296, 1299 (Ill. 1996). It is well settled that a reasonable expectancy of future business "requires more than the hope or opportunity of a future business relationship." *See, e.g., Huon v. Breaking Media, LLC*, 11 C 03054, 2014 WL 6845866, at *16 (N.D. Ill. Dec. 4, 2014); *Quantum Foods, LLC v. Progressive Foods, Inc.*, 12 C 1329, 2012 WL 5520411, at *3 (N.D. Ill. Nov. 14, 2012).

After TXI and Davids engaged in negotiations concerning his employment, it is alleged that "TXI was prepared to offer" Davids a position. Davids' employment offer is not premised on his hope of obtaining a job offer, but is grounded on an impending job offer from TXI. Davids states that negotiations had occurred and based on those discussions, TXI was "prepared to offer" him a position. Davids has sufficiently alleged a reasonable expectancy of entering into a business relationship with TXI.

United further contends that Davids has failed to sufficiently plead that its actions were an unjustified interference. Under Illinois law, tortious interference requires the plaintiff to plead that the interference was unjustified. *Bonser v. Cazador, LLC*, 12 C 4889, 2012 WL 5989350, *4 (N.D. Ill. Nov. 28, 2012). Davids alleges that Corcoran called TXI and threatened that United would "cease doing business with TXI, and would sue TXI" if it followed through with hiring Davids. United seems to contend that Corcoran's statement was merely grounded in a truthful assertion, that United had a right to end any business relationship with a vendor which they were dissatisfied with. However, United's ability to end its relationship with a vendor is distinct from the circumstances pled in Davids' counterclaim. Corcoran overtly threatened TXI with legal action and the ceasing of their business relationship if it hired Davids. United essentially gave TXI an ultimatum, either withhold an employment offer from Davids or face United's legal and business sanctions as a punishment for hiring Davids. Davids' allegations, which tether United's threat to TXI being forced not to hire him, are sufficient to constitute an unjustifiable interference.

Although presented in a separate section of United's motion to dismiss, United makes a corollary argument concerning Corcoran's threat to sue TXI and the propriety of his action under Illinois law. United relies on *Pactiv, LLC v. Multisorb Technologies, Inc.*, 10 C 461, 2014 WL 3871023, * 7 (N.D. Ill. Aug. 6, 2014), for the contention that United's threat to sue TXI does not constitute intentional and

unjustified interference under Illinois law. In *Pactiv*, the court held that "the mere filing of a lawsuit cannot serve as a basis for a tortious interference claim when there has been no showing that the [individual pursuing litigation] knew or should have known the case was meritless or otherwise unjustified." *Id*. Despite Corcoran voicing his intention to end United's business relationship with TXI, which we find to be an unjustified interference, the threatened litigation in the case at bar is clearly distinguishable from the litigation contemplated in *Pactiv*. In resolving a motion for summary judgment, the *Pactiv* court found that the tortious interference counterclaim submitted by the defendant lacked any indication that the plaintiff had reason to believe that the parties previous litigation was meritless. *Id*. In the instant case, Davids' alleges that United premised its threat of suit against TXI merely on the fact that Davids was a former employee of United, and United did not want TXI to hire Davids. At this juncture in the case, Davids' allegations are sufficient to establish United's motive in interfering with Davids' job prospects.

Finally, United posits that Davids' conclusory assertion that he "suffered damages" as a result of United's conduct is merely conclusory. Davids alleges that he was seeking employment with TXI and due to United's unjustifiable interference, he was not offered a position with TXI. Davids has sufficiently pled that he suffered damages when TXI did not extend him an employment offer as a result of United's allegedly unlawful conduct.

## CONCLUSION

For the aforementioned reasons, the Court denies United's motion to dismiss Davids' counterclaim.

Dated: 4/9/2015

_____
Charles P. Kocoras
Unite States District Court Judge